UNITED STATES DISTRICT COURT  FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
                  :
MARK MITCHELL,         :
                  :
       Plaintiff,   :  MEMORANDUM
                  :  <u>AND ORDER</u>
    -against-       :  10-CV-3201 (JG) (LB)
                  :
NEW YORK CITY POLICE    :
DEPARTMENT,         :
                  :
       Respondent. :
---------------------------------------------------x

A P P E A R A N C E S :

  MARK MITCHELL
    100 Elgar Place, Apt. 17K
    Bronx, New York 10475
    Plaintiff, *Pro Se*

  NEW YORK CITY LAW DEPARTMENT
    Office of the Corporation Counsel
    100 Church Street
    New York, NY 10007
  By: James L. Hallman
    Attorney for Defendant

JOHN GLEESON, United States District Judge:

  Mark Mitchell,[1] a former Police Communications Technician in the New York City Police Department ("NYPD") brings this *pro se* action against the NYPD for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq*., and the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.  The NYPD moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) because it is time-barred, because Mitchell has failed to state a claim, and because the NYPD cannot be sued in its independent capacity.

---
[1] "Mitchell" as used in this Memorandum and Order refers to the plaintiff Marc Mitchell.

1

Mitchell filed no opposition to the motion. Oral argument was scheduled for December 17, 2010, but Mitchell failed to appear. For the reasons stated below, the motion to dismiss is granted with leave to replead the FMLA claim within thirty days.

Attached to Mitchell's complaint is a letter to the Court from his wife, Gladys Mitchell ("Ms. Mitchell"). Ms. Mitchell asks that she and the couple's three daughters be allowed to intervene as plaintiffs in this action. For the reasons stated below, Ms. Mitchell's motion is denied.

BACKGROUND

The following allegations can be gleaned from Mitchell's complaint, which provides scant factual background. As an employee with the NYPD, Mitchell began to take advantage of the FMLA in 1999. On June 12, 2007, he was placed on Dismissal Probation by the NYPD pursuant to a stipulation.[2] The reasons for his probation are not stated. Beginning in July 2007, after he had been placed on probation, Mitchell was denied FMLA leave. On the first or second day of June 2008,[3] two weeks before his probation ended, Mitchell was terminated for taking sick leave. In its letter of termination, the NYPD stated that he was dismissed for violating the conditions of his probation.

---

[2] An officer of the NYPD may be placed on Dismissal Probation if he has "committed serious acts of misconduct; [has] not responded to [less intense forms of monitoring] for persistently poor performance or low activity levels; [has] been subjected to multiple charges and specifications; or [has a] long disciplinary histor[y]." Michael F. Armstrong, et al., City of New York, Comm'n to Combat Police Corruption, A Follow-Up Review of the New York City Police Department's Monitoring Unit, 8 (Apr. 2006), *available at* http://www.nyc.gov/html/ccpc/downloads/pdf/performance_monitoring_april_2006.pdf. An officer in any of those categories may be placed on Dismissal Probation pursuant to a trial or a negotiated plea agreement. *Id.* "Dismissal Probation means that an officer is dismissed from the NYPD, but the dismissal is held in abeyance and the officer is placed on probation for one year." *Id.* at 8-9. If the officer becomes the subject of any allegations of misconduct while he is on Dismissal Probation, he may be terminated from the NYPD without any additional process. *Id.* at 9; *see also Raniola v. Bratton*, 243 F.3d 610, 627 (2d Cir. 2001) ("Once placed on dismissal-probation, also termed termination-probation, the NYPD could terminate Raniola without a hearing if she violated any of the terms of her probation.").

[3] Mitchell alleges that he was terminated on June 1, 2008, but a letter from the NYPD attached to the complaint indicates that he was terminated on June 2, 2008.

At some point prior to April 16, 2010, Mitchell filed a complaint with the United States Department of Labor, Wage and Hour Division ("WDH"). On June 1, 2010, he filed a charge with the Equal Employment Opportunity Commission ("EEOC"), as well as a charge with either the New York State Division of Human Rights or the New York Commission of Human Rights. On June 28, 2010, the EEOC issued Mitchell a right to sue letter with respect to his ADA claims. The present action was filed on July 8, 2010.

DISCUSSION

A. *Liberal Construction of a* Pro Se *Plaintiff's Complaint*

Where a plaintiff proceeds *pro se*, the court must liberally construe his submissions on "the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) (alteration in the original). In construing Mitchell's complaint, I therefore "interpret [it] 'to raise the strongest arguments that [it] suggest[s],'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)) (alterations added).

B. *Legal Standard for a 12(b)(6) Motion to Dismiss*

When deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is

facially plausible only if the pleaded facts permit a court reasonably to infer that the defendant is liable for the alleged misconduct. *Id*.

C.      *Mitchell's ADA Claim*

Any claim asserted by Mitchell under the ADA is time-barred because he failed to file an administrative complaint with the EEOC within the time allotted by statute. A claim under the ADA accrues when the plaintiff "knew or had reason to know of the injury serving as the basis for his claim." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999). Pursuant to 42 U.S.C. § 2000e-5(e) – which is incorporated by reference into the ADA by 42 U.S.C. § 12117(a) – a plaintiff in New York has 300 days from the date of accrual to file an ADA charge with the EEOC. *Harris*, 186 F.3d at 247-48; *see also id*. at 247 n.2 ("the existence of the State Division of Human Rights ("DHR") makes New York a so-called deferral state for [ADA] purposes," such that the 300-day rule applies (citations omitted)). Mitchell filed his EEOC charge on June 1, 2010. Any claims arising out of events of which Mitchell was aware more than 300 days prior to June 1, 2010 – or before September 4, 2009 – are therefore time-barred. Mitchell was informed of his termination by the NYPD by letter dated June 2, 2008, approximately fifteen months before September 4, 2009. Because Mitchell failed to file a timely charge with the EEOC, any claim under the ADA arising out of his employment with, or termination by, the NYPD is dismissed.

Because he can plead no additional facts that would render his ADA claim timely, Mitchell is denied leave to replead that claim. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (leave to replead should be denied where "better pleading will not cure" a cause of action and "would thus be futile").

D.  *Mitchell's FMLA Claim*

   1.  *Statute of Limitations*

   A claim based on an alleged FMLA violation must be brought within two years of the violation, unless the violation was willful, in which case the claim must be brought within three years. 29 U.S.C. § 2617(c). The FMLA does not define the term "willful," but the Second Circuit has held that an employer acts willfully when it knows that its conduct is prohibited by the FMLA, or when it acts with reckless disregard of that fact. *Porter v. N.Y. Univ. Sch. of Law*, 392 F.3d 530, 531 (2d Cir. 2004) (per curiam) (internal quotation marks and alteration omitted). Conversely, an employer is not guilty of a willful violation if it acts reasonably, or unreasonably but not recklessly, in determining its legal obligations pursuant to the FMLA. *Id.* at 531-32.

   Mitchell alleges that he was wrongfully denied FMLA leave "starting July 2007." Mitchell was terminated no later than June 2, 2008. Therefore, the actions he complains of must have been taken by the NYPD between July 1, 2007 and June 2, 2008, if at all. Mitchell filed his complaint in this action on July 8, 2010, which is outside the two-year limitation period for non-willful FMLA violations occurring within that timeframe. However, if the NYPD willfully violated Mitchell's rights under the FMLA at any time between July 8, 2007 and June 2, 2008, claims premised on those violations are not time-barred.

   2.  *Failure to State a Claim*

   The allegations in Mitchell's complaint are not specific enough for the Court to determine whether Mitchell complains of any actions taken by the NYPD after July 8, 2007, or whether those actions could be deemed willful violations of the FMLA. Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must

5

constitute more than an "unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must be factually specific enough to allow the Court to reasonably infer that that the defendant is liable for the alleged misconduct. *Id*. Further, the complaint must be sufficiently detailed to inform the defendant what the plaintiff complains of. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (a complaint must "enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial" (internal quotation marks omitted)).

Mitchell's complaint does not satisfy this standard. In order to survive a motion to dismiss, the complaint must set out, as precisely as possible, the dates and nature of the actions that Mitchell claims were taken against him in violation of his FMLA rights. Sufficient detail must be provided to allow the Court to determine whether it is plausible that, sometime after July 8, 2007, the NYPD *willfully* "interfere[d] with, restrain[ed], or den[ied his] exercise of or [his] attempt to exercise, any right provided under [the FMLA] or "discharge[d] or in any other manner discriminate[d] against [him] for opposing any practice made unlawful by [the FMLA]," 29 U.S.C. § 2615(a).

C.      *Improper Defendant*

The NYPD argues that the Mitchell's claims should also be dismissed because the NYPD, as an agency of the City of New York, may not be sued in its independent capacity. The Second Circuit has noted that "the NYPD is a non-suable agency of the City." *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (citing *Wray v. City of New York*, 340 F.Supp.2d 291, 303 (E.D.N.Y. 2004) (quoting N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New

6

York and not in that of any agency, except where otherwise provided by law.")))). Any action alleging a violation of law by the NYPD must name the City of New York, and not the NYPD, as the defendant. N.Y.C. Charter § 296; *Richards v. City of New York*, No. 05 CV 1163 (SLT) (MDG), 2007 WL 1030294, at *4 (March 30, 2007); *see also Morris v. New York City Police Dep't*, No. 98 CV 6607, 1999 WL 1201732, at *3 (S.D.N.Y. Dec. 14, 1999) (dismissing claims against the NYPD as an agency of the City of New York), *aff'd in part and vacated in part*, 59 F. App'x 421, 422-23 (2d Cir. 2003) (summary order) (directing the district court to permit amendment of the complaint to name the City of New York as a defendant). Accordingly, all claims against the NYPD are dismissed.

D.  *Leave to Replead*

Where a *pro se* complaint read liberally "gives any indication that a valid claim might be stated," a district court "should not dismiss without granting leave to amend at least once[.]" *Cuoco*, 222 F.3d at 112 (internal quotation marks omitted). Because his original complaint suggests that Mitchell may have a claim under the FMLA that, properly pled, would survive a motion to dismiss, Mitchell is given thirty days from the date of this Order – until Monday, January 16, 2011 – in which to file an amended complaint repleading his FMLA claim.[4] Mitchell is further advised that an amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. As discussed above, it must set forth the factual allegations supporting his FMLA claim, specifically the particular actions taken by the NYPD to willfully violate Mitchell's FMLA rights and the dates on which these actions were taken. The amended complaint must also set forth the relief that Mitchell is seeking.

---

[4] As stated above, Mitchell is not granted leave to replead his claim under the ADA. Should he choose replead his FMLA claims, the amended complaint must be captioned "Amended Complaint," name the City of New York in the caption and not the NYPD, and bear the same docket number as this Order.

If Mitchell fails to amend his complaint within thirty days as directed by this Order, the Court shall dismiss the complaint with prejudice.

E.   *Ms. Mitchell's Motion to Intervene*

In a letter attached to Mitchell's complaint, his wife, Gladys Mitchell, moves for an order allowing her and her three daughters to intervene as plaintiffs in this action. She states that she and her daughters have "experienced much pain and suffering due to the illegal termination of Mark Mitchell." In particular, her daughters have suffered various health problems, including cancer and injuries sustained in a car accident, and have not been able to obtain adequate medical care because Mitchell lost his health insurance when he was terminated from the NYPD. Ms. Mitchell, along with the rest of her family, has "been financially, emotionally and physically bankrupt due to the Police Dept [sic] actions."

Rule 24 of the Federal Rules of Civil Procedure governs intervention. Ms. Mitchell and her daughters do not have a right to intervene in this action. A party has a right to intervene on a timely motion if she is given an unconditional right to intervene by federal statute, or if she "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [her] interest unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Should Mitchell file an amended complaint, his FMLA claim will be the only pending claim in this action. Neither the FMLA nor any other federal statute gives Ms. Mitchell and her daughters the conditional or unconditional right to intervene in an action by her husband alleging violations of his FMLA rights. Nor can Ms. Mitchell identify an interest that she and her daughters possess in the action, which is "'direct, substantial, and legally protectable.'" *Angelo Holding Corp. v. United States*, 321 F. App'x 28, 30 (2d Cir. 2009)

8

(summary order) (quoting *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)).

The FMLA confers benefits on certain employees. 29 U.S.C. §§ 2612, 2614. It prohibits employers from interfering with those benefits, *id.* § 2615, and renders employers who do so liable to the employees whose rights they have violated, *id.* § 2617(a). The FMLA creates a cause of action for wronged employees, *id.*, not for individuals, such as family members, who suffer collateral injuries as a result of an employer's FMLA violations. While Ms. Mitchell and her daughters may have sustained real-world injuries as a result of her husband's allegedly wrongful termination, these injuries are not legally cognizable within the framework of the FMLA. Accordingly, Mitchell's wife and daughters cannot identify an interest in Mitchell's action within the meaning of Rule 24(a) to establish intervention of right.

Given Ms. Mitchell's timely motion, I nonetheless have the discretion to allow intervention if Ms. Mitchell or her daughters have "have a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). They do not. As explained above, only Mitchell has a claim against the City of New York for the NYPD's alleged violations of his FMLA rights. His family members cannot assert claims on the basis of the events or alleged statutory violations that will be at issue in this action should Mitchell file an amended complaint. Accordingly, I deny Ms. Mitchell's motion seeking leave for herself and her daughters to intervene.[5]

---

[5] I note that this order does not prevent Ms. Mitchell from filing an action against the City of New York on the basis of any FMLA violations she believes the NYPD committed against her, rather than her husband. According to her letter, Ms. Mitchell is also a former employee of the NYPD. Ms. Mitchell states that she learned about the FMLA in August 2000, informed her co-workers about the FMLA, and was retaliated against by her employer. Ms. Mitchell complains that her "life was made a living hell even up until [her] last day on January 11, 2008." As of the date of this Order, although more than two years have passed since Ms. Mitchell's employment at the NYPD ended, she is still within the three year limitations period provided by the FMLA for any willful violations of her FMLA rights that occurred between December 17, 2007 and January 11, 2008. If Ms. Mitchell believes that the NYPD willfully violated her FMLA rights within the last three years, this Order denying her

CONCLUSION

For the reasons stated above, the motion to dismiss is granted with leave to replead the FMLA claim within thirty days.  If Mitchell does not file an amended complaint by January 17, 2011, his initial complaint will be dismissed with prejudice. Ms. Mitchell's motion seeking leave for her and her three daughters to intervene is denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: December 17, 2010
        Brooklyn, New York

---

motion to intervene in her husband's action does not prevent her from filing her own action against the City of New York.